AO 472 (Rev. 11/16; DC 1/19) Order of Detention

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Jonathanpeter Klein ) | Case No.   21-cr-237-2 (RDM)/(ZMF) |
| _____ ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
      **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☑ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☑ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

### Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision

- ❏ History of violence or use of weapons
- ❏ History of alcohol or substance abuse
- ❏ Lack of stable employment
- ❏ Lack of stable residence
- ❏ Lack of financially responsible sureties
- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ❏ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

Defendant, who is charged with offenses relating to the January 6, 2021 breach of the U.S. Capitol Building, argued that there are no aggravating factors particular to his case that should distinguish it from other cases in which other alleged rioters have been released, and that therefore there should be conditions of release that could assure the community's safety. Defendant emphasized that he endeavored to change the direction of his life since January 6 by finding a new job, and he proposed that his new supervisor be appointed as a third-party custodian, or that he be released to reside with his parents. Defendant further emphasized that the government has neither produced nor proffered evidence that on January 6, Defendant possessed any weapons, acted as a leader or otherwise incited others at the riot, or personally caused any injury or damage.

Nature and circumstances of offense(s):

The nature and circumstances of this offense weigh in favor of detention. As Chief Judge Howell has noted and other cases related to the Capitol breach no doubt illustrate, the severity and gravity of the events that took place on January 6 are difficult to overstate. This was a violent and unlawful interruption of the lawful transfer of power. Defendant and his brother (who is his codefendant in this matter and was previously ordered detained) allegedly traveled to D.C. from Oregon to participate in the events on January 6, and were some of the first to enter the Capitol Building after the initial breach. In addition, after Defendant left--or was removed from--the Capitol Building, he and his brother returned to a different part of the Building and, along with others, were successful in wrenching open another door that was guarded by law enforcement; indeed, Defendant appeared to have been sprayed with "pepper spray" during that incident. On balance, although there is no evidence that Defendant engaged in violence on January 6, his alleged entry into the Capitol Building shortly after its initial breach as well as his later participation in a forceful attempt to enter the Building through a second door are of great concern to the Court.

The strength of the government's evidence:

The weight of the evidence is the least important factor in a detention analysis because of the presumption of Defendant's innocence; however, the government's case is strong, and the defense does not dispute the weight of the government's evidence. Thus, this factor also weighs in favor of detention. The government's proffered evidence includes photographic and video evidence of Defendant at the Capitol and participating in the opening of a door in an attempt to re-enter the Capitol after leaving following his first infiltration of the Building. There are also text messages and emails that indicate Defendant intended to attend former President Trump's rally with his brother.

The defendant's history and characteristics, including criminal history:

The defendant's history and characteristics also weigh in favor of detention. Whether a defendant's history and characteristics weigh in favor of detention on dangerousness grounds will depend in part on the extent to which those inquiries indicate a defendant's past engagement with dangerous behavior and the means to continue that behavior in the future. *Cf. United States v. Munchel*, No. 21-3010, 2021 WL 1149196, at *7 (D.C. Cir. Mar. 26, 2021) (noting that a defendant's potential dangerousness "must also be considered in context" and "depends on the nature of the threat identified and the resources and capabilities of the defendant."). Here, the government proffered that Defendant attended a different (but related) rally in September 2020, where he engaged in violent behavior--including chasing an opposing rally participant who was later assaulted and shooting a paintball gun at an unknown target.  He was dressed at that prior rally in combat gear.  Further, Defendant's alleged affiliation with the Proud Boys--a pro-Western group known to have been violent at times--is additionally concerning. In other words, Defendant's history and characteristics leave the Court substantially concerned that he may be inclined to engage in similar behavior again, regardless of Court orders to refrain from doing so.

The defendant's dangerousness/risk of flight:

The D.C. Circuit was clear in its assessment of how Court's should assess the potential, prospective dangerousness of those involved in the Capitol riot. *See United States v. Munchel*.  Specifically, "[t]hose who . . . broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *Munchel*, No. 21-3010, 2021 WL 1149196, at *8. The government proffered that Defendant was involved with others in the breaking of a door to breach the building after having already entered and left the building once. Indeed, the seriousness of this second attempted breach--which resulted in a door to the Capitol Building being wrenched open--is underscored by law enforcement's use of pepper spray in an attempt to deter Defendant and other rioters. The evidence therefore supports an inference of dangerousness consistent with the D.C. Circuit's most recent guidance. Defendant was more than just a passive participant in the Capitol Riot. Based on the foregoing reasons, the Court finds that Defendant has not rebutted the presumption of detention and there exist no combination of conditions of release that could reasonably assure the safety of the community. Detention is therefore appropriate in this case.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 04/21/2021

Zia M. Faruqui
Digitally signed by Zia M. Faruqui
Date: 2021.04.21 22:46:59 -04'00'

United States Magistrate Judge