
**Michelle Sweet, OSB No. 060015**
**Assistant Federal Public Defender**
**101 S.W. Main, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**
**Email: michelle_sweet@fd.org**

**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 1:21-cr-00237-RDM-1 |
| **Plaintiff,** | **RENEWED MOTION FOR CONTINUANCE OF SENTENCING HEARING** |
| vs. | |
| **JONATHANPETER ALLEN KLEIN,** | |
| **Defendant.** | |

Jonathanpeter Allen Klein, through counsel, requests the 90-day continuance that he initially requested on November 7, 2024.

Mr. Klein appeared on July 17, 2024, and pleaded guilty on the first setting for his change of plea.  Sentencing was set for November 15, 2024.  On November 7, 2024, Mr. Klein filed a Joint Motion to Continue Sentencing Hearing.  The parties agreed to a continuance, but the government does not agree to the time requested by the defense.  The government agreed to two weeks; Mr. Klein requested 90 days.  That was Mr. Klein's first request for a continuance.

**PAGE 1.    RENEWED MOTION FOR CONTINUANCE OF SENTENCING HEARING**

The Court granted the two-week delay that the government agreed to but did not comment on Mr. Klein's request. *See* Minute Order, November 8, 2024.

In the motion filed on November 7, 2024, Mr. Klein asked the Court to consider "that new information – either factual or regarding recommendations – may result from the changes at the Department of Justice (DOJ) that are likely in a few short weeks. The DOJ, under different leadership, may have different views on information that is exculpatory or mitigating in this case. In addition, the DOJ may consider different proposed alternatives in this case, including potential pretrial diversion. USDOJ Manual 9-22.000." ECF 176 at 2. Given the unusual statements from the President-elect regarding this class of cases, "[t]o go forward before February 2025 would expend unnecessary resources and limit the full information the Court should have before imposing sentence. *See* 18 U.S.C. § 3661 (No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.)." ECF 176 at 3.

Since Mr. Klein's initial request for a continuance, there is a reasonable expectation that with the change in administration in January 2025, the administration of January 6th criminal cases will change. It is reasonable to expect dismissals – of cases or charged counts – and changes to sentencing recommendations for cases that will proceed. Mr. Klein is a similarly situated defendant to any other defendant charged because of January 6th whose sentencing hearing, or any other pending criminal proceeding is scheduled after January 20, 2025, when the new administration is in place. By forcing him to proceed to sentencing prior to that time creates a potential sentencing disparity among similarly situated defendants. 18 U.S.C. § 3553(a)(6) ("The court in determining the particular sentence to be imposed, shall consider…the need to

**PAGE 2.    RENEWED MOTION FOR CONTINUANCE OF SENTENCING HEARING**

avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.").

The request for sentencing after a predictable change in legal landscape is analogous to cases finding that counsel provides ineffective assistance by failing to set over a sentencing hearing when a pending change in law would dramatically alter the sentencing recommendation, guideline, or mandatory minimum. *See United States v. Abney*, 812 F.3d 1079, 1082 (D.C. Cir. 2016) (recognizing the harm the defendant suffered when his defense attorney did not move to continue his sentencing in light of the impending change in relevant sentencing law through the passage of the Fair Sentencing Act – "when Presidential approval was imminent and virtually assured" – that would have been favorable to the defendant).

The defense again requests the 90-day continuance that Mr. Klein initially requested on November 7, 2024. This would allow the new administration to proceed in his criminal case as it will with any other pending January 6th criminal case. This will permit the Court to receive and consider any new facts or recommendations and avoid any disparities that would result by forcing Mr. Klein to go forward with his sentencing on December 2, 2024.

Respectfully submitted this 21st day of November, 2024.

*/s/ Michelle Sweet*
Michelle Sweet
Attorney for Defendant

**PAGE 3.     RENEWED MOTION FOR CONTINUANCE OF SENTENCING HEARING**